26 F.3d 139
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rufus S. WATSON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3561.
 United States Court of Appeals, Federal Circuit.
 April 18, 1994.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge and RADER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Rufus S. Watson appeals the August 12, 1993 decision of the Merit Systems Protection Board (Board) in Docket No. PH0831930204-I-1 affirming the Administrative Judge's (AJ) April 19, 1993 initial decision affirming the reconsideration decision of the Office of Personnel Management (OPM) rejecting as untimely Mr. Watson's request to halt annuity payments to his former spouse. We affirm.
 
 DISCUSSION
 
 2
 On July 16, 1992, Mr. Watson's former spouse obtained a final order from a Florida court requiring apportionment of his retirement annuity. In an August 11, 1992 letter, OPM notified Petitioner of its intent to honor the Florida court order and informed Petitioner that he had 30 days from the date of the letter to advise OPM of any reason(s) why OPM should not comply with the court order. It is undisputed that Petitioner did not respond within the required time.
 
 
 3
 Under the regulations applicable at the time OPM's reconsideration decision issued;
 
 
 4
 [w]hen the individual does not respond within the 30-day notice period provided for by 831.1708, the court order will be honored in accordance with the notification.
 
 5 CFR Sec. 1.709(a)(2).[1]
 
 5
 The AJ correctly determined that under the applicable regulation OPM properly denied Petitioner's request to halt payments to his former spouse as untimely. The AJ additionally found that Mr. Watson did not demonstrate that OPM abused its discretion in refusing to waive the regulatory time limit. We agree. In this appeal and in all previous submissions that are in the record, Mr. Watson has never provided any evidence that he was not notified of the 30 day time limit or that circumstances beyond his control prevented him from complying with the time limit. See Azarkarish v. Office of Personnel Management, 915 F.2d 675, 677-78 n. 1 (Fed.Cir.1990). Rather, Mr. Watson merely contends here, as he did below, that he did not receive OPM's August 11th correspondence in time to respond by the regulatory time limit. However, these assertions are insufficient to carry his burden of proving that he was unable to timely respond to OPM's notice. Diaz v. Department of health and Human Services, 57 MSPR 312, 317 (1990).
 
 
 6
 Mr. Watson also contends that OPM improperly delegated decisional authority over his case to a section and not to an official. However, OPM's correspondence was issued by an official, a paralegal specialist, in the Court Order Benefit Section. Moreover, absent a showing of harm, OPM's action cannot constitute reversible error. 5 USC Sec. 7701(c)(2)(A).
 
 
 7
 This court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 USC Sec. 7703(c), (1988). In this case, Mr. Watson has failed to persuade us that the AJ's decision, based on the failure to respond within the prescribed time period, falls within any of these categories.
 
 
 
 [1]
 Mr. Watson's contention that the regulations provide for a 60 day response period is erroneous. The 30 day period specified in section 831.1709(b) is not cumulative with that specified in section 831.1709(a)(1)